## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ANTHONY S. WILLIAMS,            )
                                )
                Petitioner,     )
                                )
        v.                      )        C.A. No. 24-537 (JLH)
                                )
BRIAN EMIG, Warden, and         )
ATTORNEY GENERAL OF THE         )
STATE OF DELAWARE,              )
                                )
                Respondents.[1] )

_____

Anthony S. Williams.  Pro se Petitioner.

Brian L. Arban, Deputy Attorney General, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware.  Attorney for Respondents.

_____


## <u>MEMORANDUM OPINION</u>


February 20, 2026
Wilmington, Delaware

_____

[1] The Court has substituted Warden Brian Emig for Warden Scott Ceresini in accordance with directive number 4 of the Order accompanying this Memorandum Opinion.

Hall, District Judge:

Petitioner Anthony S. Williams is an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware.  In the Third Circuit Court of Appeals, Petitioner filed an application under 28 U.S.C. § 2244 for leave to file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254.  (D.I. 1; D.I. 2.)  Finding that Petitioner never filed a first federal habeas petition regarding the conviction at issue, the Third Circuit transferred Petitioner's filings to this Court for treatment as a habeas petition under § 2254 ("Petition").  (D.I. 1 at 1.)  Petitioner thereafter supplemented his Petition with a document styled "Amended Information for Habeas Corpus." (D.I. 5.)  Respondents filed a Motion for Leave to File Motion to Dismiss.  (D.I. 9.)  The Court granted leave and the Motion to Dismiss was docketed on June 20, 2025.  (D.I. 13; D.I. 14.)  In the Motion to Dismiss, Respondents assert that the Petition is time-barred.  (D.I. 14.)  Petitioner did not respond.  For the reasons discussed below, the Court grants Respondents' Motion to Dismiss and dismisses the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

I.    **BACKGROUND**

On December 17, 2018, a jury found Petitioner guilty of one count of Rape in the Fourth Degree.  *See Williams v. State*, No. 97, 2019, 2020 WL 388431, at *1 (Del. Jan. 22, 2020) ("*Williams I*").  On February 28, 2019, the Delaware Superior Court sentenced Petitioner to fifteen years of Level V incarceration suspended after two years for Level III probation.  *See id.*; D.I. 10-1 at 5, Entry No. 44.  The Delaware Supreme Court affirmed the judgment on January 22, 2020. *See Williams I*, 2020 WL 388431.  The record provides no indication that Petitioner filed a petition for a writ of certiorari with the United States Supreme Court.

On June 10, 2020, Petitioner filed a motion seeking appointment of counsel and an extension of time to file a motion for postconviction relief under Delaware Superior Court

Criminal Rule 61 ("Rule 61 Motion").  (D.I. 10-1 at 7, Entry No. 58.)  The Delaware Superior Court denied the motion on June 23, 2020, informing Petitioner that the deadline to file a Rule 61 Motion had not yet passed, that the court did not have authority to extend the deadline, and that he had to file his Rule 61 Motion within one year of February 10, 2020, the date the Delaware Supreme Court issued its mandate after affirming Petitioner's judgment.  (D.I. 10-1 at 7, Entry No. 59; D.I. 10-15 at 2.)  Petitioner filed a Rule 61 Motion on March 19, 2021.  (D.I. 10-1 at 9, Entry No. 81; D.I. 10-15 at 1.)  On August 2, 2021, the Delaware Superior Court summarily dismissed the Rule 61 Motion as untimely.  *See State v. Williams*, No. 1804003122, 2021 WL 5028365, at \*1 (Del. Super. Ct. Oct. 29, 2021).  Petitioner filed a Motion for Reargument and to Recuse, which the Delaware Superior Court denied on October 29, 2021.  *See id.*  The Motion for Reargument was denied as untimely.  *See id.*  Petitioner appealed the summary dismissal of the Rule 61 Motion, but the Delaware Supreme Court dismissed the appeal as untimely on April 7, 2022.  *See Williams v. State*, No. 20, 2022, 2022 WL 1052362 (Del. Apr. 7, 2022).

On April 26, 2021, Petitioner filed a Motion for Modification of Sentence.  (D.I. 10-1 at 9, Entry No. 85.)  On April 30, 2021, the Superior Court denied the motion as moot because Petitioner was then on Level III probation with GPS monitoring.  (D.I. 10-1 at 9, Entry No. 86.)  On three separate occasions Petitioner was found in violation of probation ("VOP") and sentenced accordingly on January 5, 2021, September 16, 2021, and September 5, 2023.  (D.I. 10-1 at 8, Entry Nos. 74, 75; D.I. 10-1 at 11–12, Entry Nos. 105, 106; D.I. 10-1 at 13, Entry Nos. 122, 123.)  Petitioner appealed the January 5, 2021 and September 16, 2021 VOP sentences, and the Delaware Supreme Court affirmed both judgments.  *See Williams v. State*, No. 326, 2021, 2022 WL 351084 (Del. Feb. 4, 2022); *Williams v. State*, No. 36, 2021, 2021 WL 1667377 (Del. Apr. 26, 2021).  On

February 27, 2024, Petitioner filed a Petition for a Writ of Habeas Corpus in the Delaware Superior

Court, which was denied the next day.  (D.I. 10-1 at 14, Entry Nos. 131, 132.)

Thereafter, Petitioner filed his application under 28 U.S.C. § 2244 for leave to file a second

or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the Third Circuit.

(D.I. 1; D.I. 2.)  In addition to transferring the Petition, the Third Circuit directed that, for statute

of limitations purposes, this Court should deem the Petition filed on February 21, 2024.  (D.I. 1 at

1.)  Petitioner filed a supplement to his Petition in June 2024.  (D.I. 5.)  The best the Court can tell,

Petitioner seeks relief on the following grounds:  (1) the trial court violated his due process rights

by "allowing the charges to move forth . . . knowing there was exculpatory evidence that was being

withheld" (D.I. 1-2 at 2); (2) his right to a speedy trial was violated (D.I. 1-2 at 2); (3) his right to

protection from double jeopardy was violated (D.I. 1-2 at 2-3); (4) prosecutorial misconduct,

including claims that the State allegedly withheld evidence in violation of *Brady v. Maryland*, 373

U.S. 83 (1963) (D.I. 1-2 at 3; D.I. 5); (5) ineffective assistance of counsel ("IAC")[2] (D.I. 1-2 at 3;

D.I. 5); (6) he was mistakenly charged restitution for damages related to a case involving a

different defendant (D.I. 1-2 at 3); and (7) insufficiency of evidence (D.I. 5).[3]  The allegedly

withheld *Brady* material consists of the victim's criminal history, "conduct of lying," inconsistent

statements, paperwork allegedly showing Petitioner was charged restitution for damages unrelated

to his case, and discovery material from an unrelated rape case involving the same victim.  (D.I. 5.)

---

[2] Petitioner proceeded pro se at trial, but the trial court appointed standby counsel.  *See Williams 1*, 2020 WL 388431, at *1.  Petitioner raises IAC claims against his standby counsel for conduct both before and during trial.

[3] It is unclear whether Petitioner intended to raise the claims presented in his Rule 61 Motion herein.  In any event, the inclusion of any of those claims not already included in the list above would not change the Court's decision.

## II.    <u>STATUTE OF LIMITATIONS</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year limitations period for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  AEDPA's limitations period is subject to statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(2) (statutory tolling); *Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling).  A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence.  *Wallace v. Mahanoy*, 2 F.4th 133, 151 (3d Cir. 2021).  AEDPA's statute of limitations is applied on a claim-by-claim basis.  *See Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 415-16 (2005) (indicating AEDPA limitations period calculated with claim-by-claim consideration).

Petitioner did not respond to Respondents' Motion to Dismiss.  In his Petition, he does not assert, nor does the Court discern, any facts triggering the application of § 2244(d)(1)(B) or (C).  To the extent Petitioner references "new evidence" that might trigger the application of § 2244(d)(1)(D), the record reveals that the alleged evidence is not actually new.  (D.I. 1-2 at 3;

D.I. 2 at 1–2; D.I. 5.)  The evidence Petitioner refers to as "new" relates to documents and information he received from Tyrone Evans, a defendant in a different case involving the same victim.  (D.I. 1-2 at 3; D.I. 2 at 1–2, 11; D.I. 5.)  Petitioner raised claims based on this evidence during his direct appeal, and the Delaware Supreme Court addressed the evidence in its analysis of Petitioner's *Brady* claim on direct appeal.  *See Williams 1*, 2020 WL 388431, at *4; D.I. 10-2 at 26-28.  Therefore, the date that Petitioner became aware of this evidence was earlier, not later, than when his judgment became final under § 2244(d)(1)(A).

Accordingly, the one-year limitations period began to run when Petitioner's judgment became final under § 2244(d)(1)(A).  Under § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review in the United States Supreme Court, the judgment of conviction becomes final, and the statute of limitations begins to run, when the time for seeking certiorari review expires.  *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999).  In this case, the Delaware Supreme Court affirmed Petitioner's judgment on January 22, 2020, and he did not seek review by the United States Supreme Court.  Although the deadline for seeking certiorari is usually ninety days after the entry of a judgment, Petitioner had 150 days under an extended deadline implemented in response to the COVID-19 pandemic.[4]  *See* Sup. Ct. Rr. 13.1 and 13.3; *Miscellaneous Order Addressing the Extension of Filing Deadlines [COVID-19]*, 334 F.R.D. 801 (Mar. 19, 2020).  One-hundred-fifty days from January 22, 2020 fell on Saturday, June 20, 2020.  Under Rule 30 of the Rules of the

---

[4] The Supreme Court order extending the deadline was in effect from March 19, 2020, through July 19, 2021, and it applied to petitions for a writ of certiorari that otherwise would have been due between those dates.  *See Miscellaneous Order Addressing the Extension of Filing Deadlines [COVID-19]*, 334 F.R.D. 801 (Mar. 19, 2020); *Miscellaneous Order Rescinding COVID-19 Related Orders*, 338 F.R.D. 801 (July 19, 2021).  Petitioner's ninety-day period to file a petition for a writ of certiorari ended on April 21, 2021, falling within those dates.

Supreme Court of the United States, that period was extended to Monday, June 22, 2020. Therefore, Petitioner's judgment became final on June 22, 2020, giving Petitioner until June 22, 2021, to timely file his petition.[5] Petitioner did not file the instant Petition until February 21, 2024, more than two years and seven months after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled, or Petitioner makes a gateway showing of actual innocence.

A. **Statutory Tolling**

Under § 2244(d)(2), a properly filed state postconviction motion or other collateral review tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any postconviction appeals, provided the motion was filed and pending before the expiration of AEDPA's limitations period. *See* 28 U.S.C. § 2244(d)(2); *Swartz v. Meyers*, 204 F.3d 417, 420–24 (3d Cir. 2000); *see also Smith v. Warden Baylor Womens Corr. Inst.*, No. 21-1880, 2024 WL 808971, at *4–5 (3d Cir. Feb. 27, 2024) (state postconviction motion filed after AEDPA limitations period has expired does not toll or revive limitations period). A post-conviction motion is "'properly filed' for statutory tolling purposes when its delivery and acceptance is in compliance with the state's applicable laws and rules governing filings, such as the form of the document, any time limits upon its delivery, the location of the filing, and the requisite filing fee." *Crump v.*

---

[5] Although Petitioner's 2021 and 2023 VOP sentences trigger the running of a new AEDPA statute of limitations for claims arising out of those sentences, the limitations period for the claims herein, which relate to his 2019 judgment, is not renewed. *See Woods v. Phelps*, No. 07-347-JJF, 2008 WL 4449621, at *4 (D. Del. Sept. 30, 2008) (finding claims related to 1981 conviction and 1990 parole revocation were time-barred using limitations period trigger dates related to those events and not subsequent 2004 sentencing for parole violation); *see also Allen v. Bohrer*, No. PJM-22-627, 2024 WL 2830992, at *4 n.4 (D. Md. June 4, 2024) (stating that "revocation of probation where the previously suspended sentence is reimposed does not restart the date of finality for the original judgment of conviction for purposes of determining the limitations period"); *Howe v. Ryan*, CV 17-04699-PHX-DGC (MHB), 2018 WL 7117919, at *4 (D. Ariz. Dec. 28, 2018) (collecting cases holding that probation revocation does not extend AEDPA statute of limitations where challenge is to original conviction and sentencing).

*Phelps*, 572 F. Supp. 2d 480, 483 (D. Del. 2008) (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). The limitations period is also tolled for the time during which an appeal from a postconviction decision could be filed even if the appeal is not eventually filed. *See Swartz*, 204 F.3d at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state postconviction motion. *See Stokes v. Dist. Att'y of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

In this case, the limitations period began to run on June 23, 2020. Petitioner's limitations period was not tolled by his motion for an extension to file his Rule 61 Motion because that motion is not one for postconviction or collateral relief and because the state court had no authority to extend that deadline. Petitioner's limitations period was also not tolled during the pendency of his Rule 61 Motion, Motion for Reargument, and appeal from the dismissal of his Rule 61 Motion because the Delaware state courts dismissed those as untimely and, therefore, they were not properly filed as required by § 2244(d)(2). *See Pace*, 544 U.S. at 412-14 (holding postconviction petition that is untimely under state law cannot be considered "properly filed" under § 2244(d)(2)); *Satterfield v. Johnson*, 434 F.3d 185, 194 (3d Cir. 2006) (holding petitions for postconviction relief that do not conform with state law, whether for timeliness or other reasons, are not "properly filed" and do not toll AEDPA's statute of limitations); *Merritt v. Blaine*, 326 F.3d 157, 166 (3d Cir. 2003) (holding federal courts are bound by state court's finding that state petition for postconviction relief was untimely).

The limitations period ran for 307 days until Petitioner filed his Motion for Modification of Sentence on April 26, 2021. Assuming (for purposes of the argument only) that the limitations

period was tolled until thirty days[6] after the Superior Court's April 30, 2021 denial of that motion as moot – which is June 1, 2021[7] – the limitations period began to run again on June 2, 2021. At that point, 307 days had run on the limitations period, with 58 (365 – 307 = 58) days remaining. The limitations period started to run again on June 2, 2021 and ran uninterrupted for the remaining 58 days until it expired on July 30, 2021. The Petition, however, was not filed until February 21, 2024.

Thus, even after applying the available statutory tolling, the Petition is time-barred, unless equitable tolling applies or Petitioner establishes a gateway claim of actual innocence.

**B.    Equitable Tolling**

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *See Martin v. Adm'r N.J. State Prison*, 23 F.4th 261, 272–73 (3d Cir. 2022) (citing *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418)). To satisfy the diligence prong, a petitioner must demonstrate he has been pursuing his rights with reasonable diligence, a fact-specific inquiry that depends on the petitioner's circumstances. *See Martin*, 23 F.4th at 273. The obligation to act diligently pertains not only to the filing of the federal habeas petition, but also while exhausting state court remedies. *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge

---

[6] As indicated above, even though Petitioner did not file an appeal from the April 30, 2021 Order, the limitations period is tolled until the end of the time period allowed for seeking direct review.

[7] In 2021, Delaware Supreme Court Rule 6(a)(iv) provided that a notice of appeal must be filed "[w]ithin 30 days after entry upon the docket of a judgment or order in any proceeding for post-conviction relief." Del. Supr. Ct. R. 6(a)(iv) (effective June 1, 2015 to July 13, 2025). The thirtieth day fell on Sunday, May 30, 2021 and the following day was Memorial Day. Under Delaware Supreme Court Rule 11(a), the period was extended to the next business day.

or legal training does not alone justify equitable tolling." *Ross v. Varano*, 712 F.3d 784, 799–800 (3d Cir. 2013). Additionally, a garden variety of excusable neglect does not warrant equitable tolling. *See Holland*, 560 U.S. at 650–51.

As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will warrant equitable tolling only if there is "a causal connection, or nexus, between the extraordinary circumstances [the petitioner] faced and the petitioner's failure to file a timely federal petition." *See Ross*, 712 F.3d at 803.

In response to a question in the form Petition inquiring why his Petition could not have been filed earlier, Petitioner responded by claiming that his Rule 61 Motion for postconviction relief was timely. (D.I. 2 at 5.) Specifically, Petitioner states that the final order in his state court case "was 08/13/2020" and therefore his motion dated "March 19, 2021 = Filed it on time." (D.I. 2 at 5.) To the extent that Petitioner's statements regarding the timeliness of his Rule 61 Motion can be construed as an argument that Petitioner is entitled to equitable tolling, that argument is unavailing. Petitioner's argument that his state Rule 61 Motion was timely does not explain why he did not file his federal habeas corpus petition earlier. To the extent Petitioner is attempting to claim any confusion by the fact that the Delaware Supreme Court's mandate after direct appeal was issued on February 10, 2020, but not docketed in the Superior Court until August 13, 2020, that argument has no merit. (D.I. 2 at 5; D.I. 10-1 at 7, Entry No. 61; D.I. 10-7 at 1.) By Order dated June 23, 2020, Petitioner was explicitly informed by the Superior Court that his Rule 61 Motion was due within one year of February 10, 2020. (D.I. 10-15 at 2.) Thus, the Court

concludes that the doctrine of equitable tolling is unavailable to Petitioner on the facts he has presented.

### C.    <u>Actual Innocence</u>

Finally, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period.  *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *Wallace*, 2 F.4th at 150–151. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).  To satisfy this extraordinary exception, "a petitioner must (1) present new, reliable evidence of his innocence; and (2) show by a preponderance of the evidence that it  is more likely than not that no reasonable juror would have convicted him (*i.e.,* a reasonable juror would have reasonable doubt about his guilt) in light of the new evidence." *Wallace*, 2 F.4th at 151.  "The standard does not require absolute certainty of guilt or innocence, but it is demanding and will be satisfied only in rare and extraordinary cases where the evidence of innocence is so strong that it undermines confidence in the trial's outcome." *Id.*

The actual innocence exception is inapplicable here.  Although Petitioner raises claims regarding the sufficiency of the evidence, he does not allege that he is actually innocent.  Even if the Court were to construe Petitioner's sufficiency of the evidence arguments as stating a claim of actual innocence, his arguments do not meet the demanding standard required to satisfy this extraordinary exception because Petitioner has not presented any new, reliable evidence of his innocence.

## III.    <u>CERTIFICATE OF APPEALABILITY</u>

A district court issuing a final order denying a § 2254 petition must decide whether to issue a certificate of appealability.  *See* 3d Cir. L.A.R. 22.2 (2011).  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right"

by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As the Court has concluded, the Petition is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## IV.    **<u>CONCLUSION</u>**

For the reasons discussed above, the Court grants Respondents' Motion to Dismiss and dismisses the Petition without issuing a certificate of appealability. The Court will issue an Order consistent with this Memorandum Opinion.